Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving. Protests sustained to this extent.

**No. 47326.**—Protests 22262–K, etc., of F. W. Myers & Co., Inc. (Detroit).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving. Protests sustained to this extent.

**No. 47327.**—Protest 32894–K of Seaboard Lumber Sales, Ltd. (New York).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving. Protest sustained to this extent.

**No. 47328.**—Protest 37696–K of Border Brokerage Co., Inc. (Seattle).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving. Protest sustained to this extent.

**No. 47329.**—Protests 41286–K, etc., of Pacific Customs Brokerage Co. (Portland, Maine.).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving. Protests sustained to this extent.

**No. 47330.**—Protests 58412–K, etc., of M. V. Jenkins (Seattle).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving. Protests sustained to this extent.

**No. 47331.**—Protests 59131–K, etc., of Border Brokerage Co., Inc. (Seattle).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving. Protests sustained to this extent.

**No. 47332.**—Protests 976462–G, etc., of C. J. Tower & Sons (Buffalo).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving. Protests sustained to this extent.

**No. 47333.**—Protests 981000–G, etc., of Border Brokerage Co. (Seattle).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving. Protests sustained to this extent.

**No. 47334.**—Protests 993888–G, etc., of Pacific Customs Brokerage Co. (Portland, Maine).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving. Protests sustained to this extent.